Nott, J.
The whole contest in this case appears to me, to be a mere dispute about words. The defendant’s counsel appears to consider the action as brought on a contract for the sale of a horse, and therefore contends that the plaintiff ought to have declared on the special contract and not on the warranty of the first sale, nor for money had and received. But if he will only change the terms, and call it a recision of a contract, for the sale of a horse, as it really was, then the defendant had received so much money for the use of the plaintiff. 1 he action was therefore clearly maintainable on that ground. I do not see any reason why it should not be maintained on the warranty also. The promise of the defendant, to refund seventy dollars of the money that he had *240 received, might well be construed into an acknowledgement that he could not support the warranty which he had made. Liquidating the damages, which he shouldpay, did not destroy the warranty. Suppose A. should enter into a contract to deliver to B. ten bags of cotton, and should fail to perform it? An agreement to value the cotton at fifty dollars a bag would not do away the first contract. It would be nothing more than assessing the damages themselves, instead of leaving it to others to do. The case under consideration L in principle the one supposed. The defendant had sold and warranted a horse to the plaintiff. A prior lien deprived the plaintiff of the benefit of his purchase. The parties agreeded to estimate the damages for that breach of warranty at thirty dollars less than the plaintiff had paid for the horse. Call it a re-sale, or whatever else you please, that is really the state of the case.
Wm. 4, ay rant, for the motion.
Haynesworth, contía.
It is a case in which the court are not disposed to use any great ingenuity to defeat the plaintiff’s action. The defendant had received from the plaintiff one hundred dollars for a horse which it appears he had no right to sell. The plaintiff, to avoid a law suit, agreed to receive back thirty dollars less than he had paid. He has been driven to an action to recover it, and the defendant would now deprive him of that also.
The motion must be refused.